IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SUSAN J. RUIZ<br>    Plaintiff<br><br>vs.<br><br>ERIC K. SHINSEKI<br>Secretary,<br>Department of Veterans Affairs<br>    Defendant | Civil No. :<br><br>RE: Discrimination – ADEA<br>    Damages<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW PLAINTIFF, Susan J. Ruiz, through the undersigned attorney, and respectfully alleges and prays as follows:

I. INTRODUCTION

1. This is a civil action seeking monetary damages, brought on behalf of Susan J. Ruiz, a federal employee, who works as a Recreational Therapy Supervisor (GS-12-6), at the Department of Veterans Affairs in the VA Caribbean Health Care System.  Plaintiff was a victim of discrimination and hostile work environment based on her age while under the employment of Defendant.

1

## II. JURISDICTION

2. This is a civil action brought under the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 623 et seq., Title VII of the Civil Rights Act of 1964, as amended, § 701 et seq., 42 USC § 2000e et seq. and the Constitution of the United States of America. Plaintiff has complied fully with all the prerequisites with jurisdiction in this Honorable Court by which jurisdiction is founded upon the above cited legislation and the Constitution of the United States of America.

3. Plaintiff also invokes this Court's supplemental jurisdiction under 28 U.S.C. § 1367, to seek relief under Puerto Rico's Act No. 100 of June 30, 1959, 29 L.P.R.A. §146 et seq. and Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141.

4. This Court has jurisdiction to entertain the claims pleaded herein pursuant to 28 U.S.C. 1331.

5. Venue is proper in this District pursuant to 28 U.S.C. 1391 (a) (b). This is proper venue to bring this action since a substantial part of the events and omissions giving rise to the claim occurred in this judicial district and because it is the judicial district in which the employment records relevant to the challenged employment action are maintained

and administered.

## III. PARTIES

6. Plaintiff is of legal age, Supervisor, Recreational Therapist and a resident of the Commonwealth of Puerto Rico. At all times relevant hereto Plaintiff was employed by Defendant.

7. Defendant, The Department of Veterans Affairs, is an employer as defined by the Age Discrimination in Employment Act.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff timely filed a Complaint with the Equal Employment Opportunity Commission(EEOC) a charge of discrimination against Defendant. Final Agency Decision was entered on February 25, 2014 and was notified on February 26, 2014. Plaintiff files this complaint within 90 days of receiving a notice of the right to sue from the Department of Veterans Affairs.

## V. GENERAL ALLEGATIONS

9. Plaintiff has been an employee of Defendant for more than 22 years.

10. Plaintiff is a white female over the age of 40.

11. Plaintiff has been evaluated as an excellent employee during her career in the Caribbean VA Health Care System in San Juan, Puerto Rico. Nonetheless in 2011, her younger supervisor, Ms. Maritere Acevedo, rated the Plaintiff's performance less than satisfactory.

12. Ms. Acevedo claimed that Plaintiff was not able to meet the expectations of her position and placed Plaintiff in a performance improvement plan (PIP) to commence on July 7, 2011 and end on November 21, 2011.

13. The Plaintiff was the only supervisor placed in a PIP. Even though other supervisors in the same section were not meeting the alleged performance expectations, no disciplinary action was taken against them.

14. Plaintiff was placed in a PIP, even though her subordinates were given high evaluations.

15. During the PIP period, Ms. Acevedo did not meet on a bi-weekly basis with Plaintiff and her feedback was limited.

16. Ms. Acevedotold Plaintiff, as a Supervisor, she was too lenient with her subordinates.

17. Except for the PIP, Plaintiff was not given any training to improve her supervisory skills.

18. At the end of the PIP period, Ms. Acevedo told Plaintiff that she had failed to improve. Plaintiff however, had evidence that she had complied with all the requests made by Ms. Acevedo.

19. According to Ms. Acevedo, Plaintiff failed to meet the PIP requirements when four (4) of her subordinates failed attendance in a timely manner

to mandatory trainings.  None of these subordinates were penalized and some were off site for personal health reasons.

20. Effective November 22, 2011 Plaintiff was removed from her supervisory position and was placed on a detail at the Rehabilitation ward performing duties of a case manager.  Simultaneously, Plaintiff was required to comply with the Commission on Accreditation of Rehabilitation Facilities(CARF) specific standards. The detail was to end on February 17, 2012.

21. Plaintiff feared for her job security, because similar treatment that was given to three (3) former colleagues (José Umpierre, Mercedes Vega and Olimpo Zambrana), all of which wereofthe same protected class. These colleagueseventually resigned or retired early andwere replaced with younger staff.

22. Defendant intentionally placed Plaintiff as case manager, a position she had no prior experience, knowledge, nor know-how. Plaintiff felt Defendant purposely placed her in a situation to fail. In order to survive in this detail,Plaintiff had to work late hours, sometimes till 10p.m., while asking other employees for help.

23. On March 2, 2012, Plaintiff was offered the position of case manager. She was given an offer for the position in writing.

24. On March 29, 2012, via intranet communication, Defendant

announcedto all PM&RS users that Plaintiff was the new case manager.

25. Subsequently, Ms. Acevedo informed Plaintiff the case manager position could not be assign to her because Plaintiff was not a title 5 employee. Ms. Acevedo told Plaintiff she had two options regarding her employment;either resign or be demoted.

26. Plaintiff started having sleepless nights, was overwhelmed by the stress of losing her job andfelt persecuted by her younger supervisor, Ms. Acevedo.

27. Plaintiff continued to perform duties as case manager until July 23, 2012 when she was issued a proposed demotion.

28. The letter dated July 20, 2012 provided that Plaintiff was required to continue to perform duties to be assigned by Ms. Acevedo.

29. However, Dr. William Acevedo, Associate Chief of Staff for Rehabilitation, who addressed the letter, told Plaintiff she was an excellent supervisor with difficult subordinates.

30. Upon receiving the proposed demotion, Plaintiff was devastated and had to take time off. Later on July 27, 2012, while Plaintiff was on leave,Dr. Acevedo, the Associate Chief of Staff,celebrated a staff meeting to announce that a new therapist was assigned to the case manager position. The new case manager was younger than Plaintiff.

31. Dr. Acevedo disclosed to all PM&RS staff that Plaintiff's position as case

manager for CIIRP was open to receiveapplications from interested personnel and, soon afterwards, the vacancy for the Recreation Therapy Supervisor position would be announced for people to apply. Both positions were posted in the usajobs.gov website. Plaintiff was not present and her personal health situation was discussed with all those present.

32. Upon this announcement more than fifteen (15) co-workers called Plaintiff to inquire about her health.  Plaintiff knew that her HIPAA rights were violated.

33. As a result from this situation, Plaintiff received psychological treatment for her depression, anxiety and emotional anguish.

34. On July 30, 2012, Plaintiff received a memo assigning her duties related to the Commission on Accreditation of Rehabilitation Facilities (CARF).

35. Plaintiff was to be supervised by her younger supervisor, Ms. Acevedo.

36. Plaintiff sent a memorandum to the director of Defendant, Japhet Rivera, requesting a meeting to discuss the proposed demotion.The director delegated this matter to Dr. Antonio Sanchez.

37. While performing her duties with CARF, Plaintiff had to train the newly appointed case manager.

38. By the end of August 2012, Plaintiff had complied with the duties

related to CARF and was not assigned any additional duties.

39. On September 4, 2012 Plaintiff met with Dr. Sanchez andonly discussed issues related to the case manager position. During this meeting, no topic regarding the proposed demotion was discussed because the EEO Counselor from Bay Pines, Florida had informed Plaintiff that a new job position would be offered.

40. Dr. Sanchez informed Plaintiff that he would review all the evidence presented regarding the case manager position and the announcement previously awarding Plaintiff the said position.

41. Instead, Dr. Sanchez wrote Plaintiff a letter incorrectly stating that she had accepted the demotion and the "Management will make every effort to reassign you to an equal or lower level position". The letter was dated September 10, 2012.

42. Dr. Sanchez is younger than Plaintiff and incorrectly stated that Plaintiff had discussed the proposed demotion with him.

43. In less than a month, Plaintiff was demoted to a GS-10 position.

44. On October 15, 2012, the acting director, Japhet Rivera, rescinded the letter of demotion and gave Plaintiff the opportunity to meet with him to give an oral reply.

45. After the oral reply, Plaintiff was reinstatedto her supervisory position.

46. Plaintiff filed an EEO complaint on August 2, 2012.

47. On January 22nd, 2013 Plaintiff filed at the EEOC a notice of intent to sue.

48. Plaintiff's performance evaluation from 2012-2013 and 2013-2014 as Supervisor dramatically improved. Ms. Acevedo, contrary to her evaluation from 2011, has rated Plaintiff's performance fully successful or better.

49. Defendant intentionally discriminated against plaintiff because of her age in violation of the ADEA by incurring in a pattern of disregard for the Plaintiff's performance review, which went from "less than satisfactory" to "fully successful or better".

50. Age discrimination was a factor when implementing disciplinary actions against the Plaintiff, those outside the protected class had no adverse disciplinary actions for performance issues except for her.

## VI. FIRST CAUSE OF ACTION- ADEA VIOLATIONS

51. The allegations of paragraphs 1 through 50 are incorporated herein.

52. At all relevant times herein, Plaintiff fell within the protected age category pursuant to provisions of the ADEA.

53. Defendant's conduct as described in the preceding allegations deprived Plaintiff her constitutional rights.

54. Plaintiff, an employee over forty (40) years old at the time of the incidents, was treated less favorably than other employees not in the

protected class.Plaintiff is the eldest supervisor in her section and has received commendations and high marks for her work performance until Ms. Acevedo, a younger employee, became her supervisor.

55. Defendant's actions against Plaintiff have caused her to suffer economic and emotional damages.

56. Plaintiff felt singled-out and persecuted. As a consequence of Defendant's actions Plaintiff not only did she feel depressed, but she also was deprived of sleep and lost an unhealthy amount of weight due to her emotional state. Plaintiff felt humiliated and mistreated knowing that other younger supervisors were treated more favorably.  For the first time in her life, Plaintiff developed high blood pressure.

57. Defendant actions were in clear violation of the provisions of the Age Discrimination in Employment Act.

58. Defendant acted intentionally and with malice and reckless indifference to plaintiffs federally protected rights.

   VII. SECOND CAUSE OF ACTION - PUERTO RICO LAW 100

59. The allegations of paragraph 1 through 58 are incorporated herein.

60. Defendant's conduct as described in the preceding allegations deprived Plaintiff of her constitutional rights.

61. Defendant's actions were in clear violation of the provisions of Puerto Rico Act 100.

62. Defendant intentionally discriminated against Plaintiff on the basis of her age by promoting adverse disciplinary actions against her. Supervisors, not part of the protected class, with alleged similar performance issues as Plaintiff had no disciplinary actions enforced by Defendant.

63. As a result of the Defendant's discrimination, Plaintiff is entitled to double the amount of the damages caused by Defendant, including but not limited to lost wages, mental anguish and emotional distress.

## VIII. THIRD CAUSE OF ACTION - ARTICLE 1802

64. The allegations of paragraph 1 through 63 are incorporated herein.

65. The Defendant's discrimination against Plaintiff constitutes a tort pursuant to Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141.

66. As a result of the Defendant's tortuous discrimination, Plaintiff has suffered a loss of income, mental anguish and emotional distress.

## IX. DAMAGES

67. The allegations of paragraphs 1 through 66 are incorporated herein as though full set forth.

68. In view of the aforementioned violations, Plaintiff suffered the following damage: moral and mental anguishes and economic damages.

69. Plaintiff is entitled to post-judgment interest on all sums, including on attorney fees incurred in this action.

70. Defendant's conduct was an intentional and willful violation of the ADEA. Plaintiff is entitled to an award of liquidated damages within the meaning of the ADEA.

## X. PRAYER

71. Plaintiff is entitled to compensatory damages and all equitable reliefs, compensating and economic damages:

    a) an award of $500,000 covering the economic and emotional damage caused by Defendant's actions;

    b) paymentfor compensatory damages for mental anguish, pain suffering and humiliation in a sum at least $200,000.00;

    c) payment of legal fees and the disbursement, such as witness and expert witness fees;

    d) all damage amounts awarded to be doubled pursuant to Puerto Rico Law 100 of June 30, 1959, 29 L.P.R.A. §146 et seq.;

    e) be awarded prejudgment interest and

    f) any other relief that this Honorable Court deems appropriate.

## XI. JURY DEMAND

72. Plaintiff demands a trial by jury pursuant to Rule 38(b) of the Federal Rule of Civil Procedure.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 23rd day of May 2014.

>MORALES SBERT LAW OFFICE
>Attorney for PLAINTIFF
>Edificio de Asociación de Maestros
>452 Ave. Ponce de León, Suite 514
>San Juan, PR 00918
>Tel.  787-503-2801
>E-mail: mgm@moralessbert.com


>/s/Marcos G. Morales-Sbert
>USDC-PR No. 230604